IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T. DAVID THOMPSON, Individually and
as the Personal Representative of the Estate
of CAROLYN ROSE BENNETT,

      Plaintiff,

v.                                                                      No. CIV-05-1331 JB/LCS

THI OF NEW MEXICO at CASA ARENA d/b/a
CASA ARENA BLANCO NURSING HOME,
THI OF BALTIMORE, its Parent
Company, THI OF NEW MEXICO,
other New Mexico Subsidiary Corporations in
New Mexico, and all Successor Corporations
who Purchased and/or otherwise obtained the assets of THI
OF NEW MEXICO at CASA ARENA
BLANCA d/b/a CASA ARENA NURSING
CENTER.

      Defendants.

## REQUEST FOR RECONSIDERATION OF PLAINTIFF
## T. DAVID THOMPSON'S RULE 60 (b) (6) MOTION

COMES NOW Plaintiff, T. David Thompson, by and through his counsel of record, and files his Request for Reconsideration of this Court's denial of his Rule 60 (b) (6) motion. As grounds for the Request, Plaintiff states as follows:

1.     As noted by this Court, "[w]hen circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or it 'offends justice' to deny such, relief, [r]elief under Rule 60 (b)(6) is appropriate,' citing, *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Opinion, (Doc 31, p. 23). Events not contemplated by the moving party after judgment is entered that may render enforcement of the judgment inequitable may constitute extraordinary

1

circumstances. *Cashner*, 89 F. 3d at 580, *quoting*, Pelican Prod. Corp. v. Marino, 893 F. 3d 1143, 1147 (10th Cir. 1990).

2. This Court concluded that this matter did not represent an "extraordinary circumstance" for which relief was warranted as "THI of Baltimore's refusal to arbitrate is therefore not the kind of event 'not contemplated by the moving party that would render enforcement of the judgment inequitable,' citing, *Cashner v. Freedom Stores*, 94 F.3d at 579." Opinion (Doc 31, p. 39).

3. Based upon review of the Opinion, this Court's assessment as to whether this matter represents an extraordinary circumstance was partially based upon its assessment that THI of Baltimore was not provided with notice that it was identified as an entity against who claims were filed in the information provided by Plaintiff to the American Health Lawyers Association Dispute Resolution Service ("AHLA") in Plaintiff's Request for a Dispute Resolver List.

4. Plaintiff agrees that THI of Baltimore was not explicitly identified in the Request for Dispute Resolver List. However, as noted in the Reply Brief, notice was provided to THI of Baltimore, by its identification as the ***parent corporation of Casa Arena Blanca***, that claims were also being filed against it in the arbitration. *See*, Plaintiff's Reply in Support of his Rule 60 (b) Request for Leave (Doc. 23, pp. 8, 9).

5. Specifically, as noted on the identified pages of Reply Brief, Plaintiff was asked in Section 4 of the Request for Dispute Resolver List to "[b]riefly describe the dispute, including any amounts in dispute." *See*, Plaintiff's Request for Dispute Resolver List, attached as Exhibit A to Plaintiff's Reply Brief, and attached hereto as Exhibit 1, p. 2. In response to the question, the following information was listed in Plaintiff's Request for Dispute Resolver List, Exhibit 1, p. 2:

> "[t]his is a consumer health care liability claim brought by the Personal Representative of a nursing home resident who died as a result of the negligence and

2

reckless conduct of a nursing home *and its parent corporation.* See enclosed brochure for specific details regarding this wrongful death claim."

6. While the term "and its parent corporation" was not specifically emphasized in the Request for Dispute Resolver List or the Reply Brief, Plaintiff gave notice that the parent corporation of the nursing home was a party against whom a claim was filed with the AHLA. Plaintiff's Request for a Dispute Resolver List which contains this information was provided to Ramona Bootes, Esq., counsel for the nursing home, who subsequently completed the Request for Dispute Resolver List.

7. Moreover, in his Request for Dispute Resolver List, Plaintiff provided notice that additional information regarding the wrongful death claim was available. The 'brochure' that was referenced in Plaintiff's Request for Dispute Resolver List was the letter addressed to the AHLA dated January 24, 2007 which was attached to Plaintiff's Motion for Rule 60 (b) Relief as Exhibit A. (Doc. 18). This referenced letter/brochure was attached to Plaintiff's Request for Dispute Resolver List and presumptively provided by AHLA with Plaintiff's Request to the attorney representing the parties against whom the dispute existed. The letter/brochure explicitly identifies the claims against THI of Baltimore and the amount in dispute. *See*, Letter to AHLA, dated January 24, 2007, attached hereto as Exhibit 2.

8. This Court correctly noted that the "proliferation of THIs" made it difficult to properly identify the entities against who claims were being filed. *See*, Opinion ( Doc 31, p. 38). Given this difficulty, Plaintiff used the phrase "nursing home and its parent corporation" to identify the parties against who claims were filed in arbitration. See, Plaintiff's Request for Dispute Resolver List, Exhibit 1, p. 2.

9. The use of the term "THI of New Mexico at Casa Arena Blanca d/b/a Casa Arena Blanca Nursing Center, *et al*" used in the follow-up letter sent by AHLA to Ms. Banks, as counsel

3

for Plaintiff and Ms. Bootes, as counsel for Defendants, confirmed the receipt of the completed Request for Dispute Resolver List and the inclusion of Casa Arena Blanca and its parent corporation as parties against whom the claim was filed. *See*, Letter from AHLA, dated March 27, 2007, attached to Plaintiff's Reply as Exhibit B, and attached hereto as Exhibit 3.

10. Plaintiff was prejudiced when THI of Baltimore questioned whether it should be included as the defendant to the arbitration after receipt of the Dispute Resolver List which identified the nature of the dispute as wrongful death resulting from the "negligent and reckless conduct of the nursing home *and its parent corporation*" because this question was not raised until after the expiration of the statute of limitations on the wrongful death claim. If Plaintiff would have had notice in January 2007 that THI of Baltimore did not consider itself a party to the arbitration, Plaintiff could have filed a separate claim against THI of Baltimore or added THI of Baltimore as an indispensable party to the state litigation as the statute of limitations on the wrongful death claim did not expire until January 2008. Moreover, THI of Baltimore waited until after the expiration of the statute of limitation to provide notice to Plaintiff in the form of a letter dated January 29, 2008 that it would not consent to participate in arbitration.

11. Given the expiration of the statute of limitations, Plaintiff will be unable to file a separate claim against THI of Baltimore and it is unlikely that the State Court will now permit Plaintiff to amend his Complaint and identify THI of Baltimore as a party to that litigation.

12. THI of Baltimore's refusal to arbitrate after Plaintiff identified that the parent corporation of Casa Arena Blanca was also an entity against whom claims were asserted and its failure to express that view until after the expiration of the statute of limitations on the wrongful death claim is a post-litigation event that was not contemplated by Plaintiff and represents an

extraordinary circumstance. Given THI of Baltimore's post-litigation conduct, enforcement of the judgment against Plaintiff and dismissal of his request to amend this complaint and file a claim against THI of Baltimore is an inequity that can be remedied by granting Plaintiff's Rule 60 (b)(6) request for relief.

WHEREFORE, Plaintiff respectfully requests this Court to reconsider its decisions regarding Plaintiff's request for relief pursuant to Rule 60 (b)(6), reopen the case, and permit Plaintiff to file a Complaint against THI of Baltimore.

Respectfully submitted,

SANDENAW & ANDERSON, P.C

T.A. Sandenaw, Esq.
CaraLyn Banks, Esq.
2951 Roadrunner Pkwy
Las Cruces, New Mexico 88011
(575) 522-7500
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January 2009, a true and correct copy of the above and foregoing ***Plaintiff's Motion for Reconsideration*** was deposited in the United States mail, postage prepaid sufficient to carry it to its destination, properly addressed to:

Timothy L. Fields, Esq.
Modrall Sperling Roehl Harris
  & Sisk, P.A.
500 4th Street NW #1000
Albuquerque, NM 87102

Robert Sabin, Esq. (Arbitrator)
Atwood Malone Turner & Sabin, P.A.
400 N. Pennsylvania #1100
Roswell, New Mexico 88201

CaraLyn Banks