IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T. DAVID THOMPSON, Individually and
as the Personal Representative of the Estate
of CAROLYN ROSE BENNETT,

    Plaintiff,

v.                                                        No. CIV-05-1331 JB/LCS

THI OF NEW MEXICO at CASA ARENA d/b/a
CASA ARENA BLANCO NURSING HOME, *et al*,

    Defendants.

## PLAINTIFF'S REPLY IN SUPPORT FOR RECONSIDERATION OF THE COURT'S DENIAL OF PLAINTIFF'S RULE 60 (B) (6) MOTION

COMES NOW Plaintiff, T. DAVID THOMPSON, Individually and as a Personal Representative of the Estate of Carolyn Rose Bennett, by and through his counsel of record, Sandenaw & Anderson, P.C. (T. A. Sandenaw, Jr., and CaraLyn Banks) to files his Reply in Support of a Request for Consideration of this Court's Denial of its Rule 60(b)(6) Motion.

### I. CONCISE STATEMENT OF THE ISSUES

Plaintiff asked this Court to exercise its discretion to reopen the case and to grant Plaintiff's Request to Amend the Complaint which was filed prior to this Court's dismissal of the Original Complaint given THI of Baltimore's post-judgment conduct and the extraordinary circumstances presented in this case. In the Motion for Reconsideration, Plaintiff asked this Court to reconsider whether this matter presented extraordinary circumstance for which relief was warranted under Rule 60 (b)(6) given the fact that Plaintiff identified the nursing home and *its parent corporation* as parties against whom claims were being filed in arbitration in the Request for Dispute Resolver List filed on January 24, 2007.

1

Plaintiff filed this Motion for Reconsideration as it appeared that, based upon the review of the Court's Opinion, it may not have been readily apparent that Plaintiff identified the parent corporation of THI of New Mexico at Casa Arena Blanca d/b/a Casa Arena Blanca Nursing Home as an entity against whom claims were submitted to arbitration and relied on that identification in proceeding in arbitration. Contrary to defendants' assertion, Plaintiff is not rearguing issues that were originally presented in its Reply and considered by this Court in its opinion. Rather, Plaintiff is identifying facts that may not have been apparent during the Court's initial review of the issue. Given the identification of the parent corporation as an entity against whom claims were asserted in the Dispute Resolver List, the subsequent refusal of the parent corporation, i.e., THI of Baltimore, to participate in arbitration is the kind of event not contemplated by Plaintiff that would render enforcement of the judgment inequitable.

## II. ARGUMENTS

On January 24, 2007, Plaintiff filed his Request for Dispute Resolver List. In that request, Plaintiff was asked to briefly describe the dispute and, in response, clearly indicated that the claim that was being brought in arbitration was a wrongful death claim brought on behalf of a nursing home resident who died as a result of the "negligence and reckless conduct of the nursing home and its *parent corporation*." See, Plaintiff's Dispute Resolver List, attached to the Motion as Exhibit 1, p.2, Section 4. In the Request for Dispute Resolver List, Plaintiff also noted that specific details regarding the wrongful death claim were available in the "brochure," i.e., the January 24, 2007 letter to the American Health Lawyers Association Dispute Resolver Service ("AHLA"). There is no dispute that the description of the claim, identification of the entities against whom the claims were brought, and notice that detailed information regarding the claim was available was subsequently furnished to defense counsel by the AHLA. After the Dispute Resolver List was completed

2

correspondence was provided by AHLA, an arbitrator was selected, and discovery was commenced in this matter. Unfortunately, it was not until Plaintiff was forced to file a Motion to Compel discovery responses regarding the relationship between Casa Arena Blanca and its parent corporation that Plaintiff learned that THI of Baltimore had no intention of participating as a 'defendant' in the arbitration.

Given Plaintiff's description of the entities against whom the claim was brought in the Dispute Revolver List, i.e., the nursing home and *its parent corporation*, it was reasonable for Plaintiff to assume that the nursing home and its parent corporation had notice that Plaintiff intended to proceed against both entities in arbitration. Plaintiff relied on the fact that the Dispute Resolver List which identified both entities against whom claims were brought in arbitration was provided to counsel and arbitration commenced without objection or comment by THI of Baltimore. It was also reasonable for Plaintiff to rely on the fact that the "brochure" which provided a detailed description of Plaintiff's claim against both Casa Arena Blanca and THI of Baltimore was provided to the defendants as the Dispute Resolver List provided specific notice that this detailed information regarding the claim was available and the defendants failed to request such information from Plaintiff. Moreover, given the identification by Plaintiff of the nursing home and its parent corporation as the entities against whom claims would be filed, it was reasonable for Plaintiff to rely on the "et al" listed the in the confirmation letter from AHLA to both parties that the arbitration would proceed against both THI of Mexico at Casa Arena Blanca d/b/a Casa Arena Blanca and another separate entity, i.e., its parent corporation.

Given Plaintiff's description of the entities against whom the claim was brought in the Dispute Resolver List, the conduct of THI of Baltimore after receipt of such notice is suspect. While THI of Baltimore may not have required to participate in the arbitration by the Court Order, THI of

3

Baltimore had a responsibility to at least provide notice to Plaintiff that it would not be participating in the arbitration. Such notice would have prompted immediate action on behalf of Plaintiff, including the filing of a separate and independent claim against THI of Baltimore and the other parties identified in the Amended Complaint or request for Rule 60 (b)(1) relief from this Court.

Plaintiff agrees with the Court that the identification of the parties by Defendants in the Dispute Resolver List "is at best ambiguous". *See*, Opinion (Doc. 31, pp. 37 -38). However, contrary to Defendants' assertion that this phrase generally applies to the Dispute Resolver List, the Court only used this phrase to describe the two entities that Defendants listed as parties on Dispute Resolver List, i.e., Casa Arena Blanca Nursing Center and THI of New Mexico, LLC d/b/a Casa Arena Blanca Nursing Center. *See*, Request for Dispute Resolver List at 3. Plaintiff agrees that the information provided by Defendants to the AHLA may have been ambiguous, particularly in light of the "proliferation of THIs." It is precisely because of the potential confusion which might have resulted from identifying the various THI organization that Plaintiff identified the entities against whom claims would be brought in arbitration as the nursing home and ***its parent corporation***.

As Plaintiff did not have notice that the parent corporation would refuse to participate in arbitration prior to the expiration of the statute of limitations on the wrongful death claims, Plaintiff has only one remedy available to ensure that the parent corporation that exercised control and supervision over the care provided to Carolyn Rose Bennett at Casa Arena is held responsible for its actions. Plaintiff has requested that THI of Baltimore participate in the arbitration and, given THI of Baltimore's prior conduct and failure to even respond to the request, Plaintiff presumes that this option is not available. Plaintiff has requested that the arbitrator address the issue of waiver and is waiting for that decision. Under the circumstances, the only remedy available to Plaintiff is to proceed to arbitration, obtain a settlement, and then file the same action against THI of Baltimore

4

as was described in the Amended Complaint. Reopening the case and granting Plaintiff's request for leave to amend his complaint promotes judicial economy and prevents the inequitable result of THI of Baltimore's failure to at least provide notice that it was not a party to the arbitration.

Given the clear identification of the nursing home and its parent corporation as entities against whom claims were brought in arbitration, the refusal of THI of Baltimore to participate in the arbitration after the arbitration was commenced was not conduct that was contemplated by Plaintiff after the judgment was entered. These post-judgment events constitute extraordinary circumstances as defined in federal law on which Rule 60 (b) (6) relief is appropriate. *See*, Cashner *v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Legal justifications do exist for reopening this case and exercising this Court's discretion to grant Plaintiff's request for leave to file the Amended Complaint which was submitted prior to the Court's decision on Casa Arena's motion to compel arbitration.

Respectfully submitted,

SANDENAW & ANDERSON, P.C.

By: _____
CaraLyn Banks, Esq.
2951 Roadrunner Parkway
Las Cruces, New Mexico 88011
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February 2009, a true and correct copy of the above and foregoing *Plaintiff's Reply in Support of his Motion for Reconsideration* was deposited in the United States mail, postage prepaid sufficient to carry it to its destination, properly addressed to:

| | |
|---|---|
| Timothy L. Fields, Esq. | Robert Sabin, Esq. (Arbitrator) |
| Modrall Sperling Roehl Harris | Atwood Malone Turner & Sabin, P.A. |
|   & Sisk, P.A. | 400 N. Pennsylvania #1100 |
| 500 4th Street NW #1000 | Roswell, New Mexico 88201 |
| Albuquerque, NM 87102 | |

_____
CaraLyn Banks