## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

T. DAVID THOMPSON, Individually and
as the Personal Representative of the Estate
of CAROLYN ROSE BENNETT,

        Plaintiff,

vs.                                                                No. CIV 05-1331 JB/LCS

THI OF NEW MEXICO at CASA ARENA d/b/a
CASA ARENA BLANCO NURSING HOME,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Request for Reconsideration of

Plaintiff T. David Thompson's Rule 60(b)(6) Motion, filed July 21, 2009 (Doc. 32).  The Court held

a hearing on August 13, 2009.  The primary issue is whether the Court should change its decision

to deny Plaintiff T. David Thompson relief under rule 60(b) of the Federal Rules of Civil Procedure.

Because the Court does not believe that Thompson's new arguments change the Court's earlier

conclusion that THI of Baltimore's actions in the arbitration were reasonable, and because there are

significant reasons beyond THI of Baltimore's conduct for denying rule 60(b)(6) relief, the Court

will deny Thompson's motion to reconsider.

## PROCEDURAL BACKGROUND

This case began on December 12, 2005, when Thompson sued Defendant THI of New

Mexico at Casa Arena d/b/a Casa Arena Blanco Nursing Home for allegedly causing his wife's

death.  See Complaint for Wrongful Death, Per Se Negligence for Violation of Federal and State

Laws Governing Nursing Facilities, Breach of Fiduciary Duty, Negligence and Breach of Contract

(Doc. 1). Casa Arena sought to compel arbitration, and the Court granted the request on September 12, 2006, ordering the parties to arbitrate and closing the case. <u>See</u> Final Judgment (Doc. 17). At the time, a motion of Thompson's to add THI of Baltimore as a Defendant, which had been filed after Casa Arena's motion to compel had been filed, remained pending. <u>See</u> Request for Leave to File Second Amended Complaint to Add Indispensable Parties, filed August 2, 2006 (Doc. 13). Because Thompson had not requested a stay pending arbitration and because Thompson's counsel said she could not think of any reason to stay rather than dismiss the case, the Court dismissed the case. <u>See</u> Memorandum Opinion and Order at 27, entered September 12, 2006 (Doc. 16).

Nothing happened in federal court for eighteen months, until Thompson filed a motion to reopen the case under rule 60(b). Thompson argued that THI of Baltimore was refusing to arbitrate, and that the Court should reopen the case and order THI of Baltimore to arbitrate, or else allow Thompson to file a complaint against THI of Baltimore. <u>See</u> Plaintiff's Motion for Rule 60(b) Relief, Motion to Compel Arbitration, or Alternatively Motion for Leave to File Complaint for Wrongful Death at 3, filed March 20, 2008 (Doc. 18). The Court denied the motion.

As relevant here, the Court held that "THI of Baltimore's refusal to arbitrate . . . [was] not the kind of event 'not contemplated by the moving party that would render enforcement of the judgment inequitable.'" Memorandum Opinion and Order at 39, entered December 24, 2008 (Doc. 31)("MOO"). The Court held that its earlier order "did not require THI of Baltimore to submit to arbitration." <u>Id.</u> at 36. Additionally, the Court found that the Request for Dispute Resolver List, "which is the document Casa Arena received[,] and which . . . is also the document that serves to initiate arbitration[,] . . . is at best ambiguous" regarding who Thompson was attempting to bring claims against in the arbitration. MOO at 37. Thus, the Court held that, "because THI of Baltimore's actions appear reasonable and not deceptive, and because Thompson was relying on an

incorrect assumption about the Court's order, Thompson's situation was one for which he was largely to blame." Id. at 39.  The Court noted that, "[w]hile Thompson's position is understandable, it is not legally reasonable, because it was the result of a unilateral mistake." Id. at 39-40.

Now Thompson asks that the Court reconsider its decision to deny him relief under rule 60(b)(6).  Thompson's primary argument is that THI of Baltimore was sufficiently put on notice that Thompson was bringing claims in arbitration against it.  He asserts that the Request for Dispute Resolver List, see Exhibit 1 to Motion (Doc. 32-2)("List"), describes the dispute as involving the "nursing home and its parent corporation," that the List gave notice that additional information was available, and that correspondence with opposing counsel used "et al." in referring to defendants, Motion ¶¶ 5-10, at 2-4.  Thompson also states that the statue of limitations will prevent him from bringing a direct action against THI of Baltimore in court.  See id. ¶ 11, at 4.

In response, Casa Arena argues that Thompson is raising arguments that the Court has already rejected.  See Response to Request for Reconsideration of Plaintiff T. David Thompson's Rule 60(b)(6) Motion at 2-5, filed February 6, 2009 (Doc. 33).  Casa Arena also denies having received the letter Thompson sent to the American Health Lawyers Association ("AHLA") -- the organization providing the arbitration -- describing his claims against THI of Baltimore.  See id. at 3.  Finally, Casa Arena notes that the Court has pointed out alternative remedies that could be available to Thompson, in particular the possibility of collecting any arbitration award from THI of Baltimore on an alter-ego theory.  See id. at 5.  In reply, Thompson reiterates his arguments and adds that the ambiguity the Court identified in the Dispute Resolver List was ambiguity regarding the parties that Casa Arena's counsel wrote on the List.  See Plaintiff's Reply in Support for Reconsideration of the Court's Denial of Plaintiff's Rule 60(b)(6) Motion at 4, filed February 23, 2009 (Doc. 34).

At the hearing, CaraLynn Banks, Thompson's attorney, emphasized the description of the dispute contained in the Dispute Resolver List.  <u>See</u> Transcript of Hearing at 4:11-5:10 (Banks)(taken August 13, 2009).[1]  The Court expressed its concerns that Thompson was not seeking relief from the judgment in this case, but rather just seeking relief in a more general sense for events occurring after this case ended, and wondered whether the case law supported such an application of rule 60(b)(6).  <u>See</u> <u>id.</u> at 7:20-8:7 (Court).  Ms. Banks said she believed the case law supported taking a broad view of what events could trigger relief.  <u>See</u> <u>id.</u> at 8:8-9:2 (Banks).  Ms. Banks asked to be allowed to send the Court the cases she had in mind, and Timothy Fields, Casa Arena's counsel, asked to be allowed to respond; the Court agreed.  <u>See</u> 26:24-21 (Banks, Court & Fields).  On August 20, 2009, Ms. Banks filed her supplement, presenting to the Court a list of cases that she believed demonstrated that relief was appropriate here.  <u>See</u> Supplemental Legal Submission in Support of Plaintiff's Request for Reconsideration (Doc. 38).  On August 28, 2009, Casa Arena responded to Thompson's supplement, contending that the cases Thompson cites are inapposite and that Thompson's supplement exceeds the scope of what the Court granted.  <u>See</u> Casa Arena's Response to Plaintiff's Supplemental Legal Submission in Support of Plaintiff's Request for Reconsideration (Doc. 39).

<u>**LAW REGARDING RULE 60(b)(6)**</u>

Rule 60(b) allows courts to relieve parties from final judgments or orders.  Rule 60(b)(1) to 60(b)(5) lays out several particular circumstances in which such relief may be granted.  Pursuant to rule 60(b)(6), "[o]n motion and upon just terms," a court may relieve a party from "a final judgment, order, or proceeding for . . . any other reason that justifies relief."  The United States Court of

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

-4-

Appeals for the Tenth Circuit has characterized rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case." Cashner v. Freedom Stores Inc., 98 F.3d 572, 579 (10th Cir. 1996)(internal quotation marks omitted). The rule "seek[s] to strike a delicate balance between countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983)(quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)(emphasis added in the original)). The Tenth Circuit has also indicated that "Rule 60(b) should be liberally construed when substantial justice will thus be served." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d at 1444 (internal citations omitted). Relief under rule 60(b)(6) is within a court's discretion and can be granted in "exceptional circumstances" when such relief is "necessary to accomplish justice." Cashner v. Freedom Stores, Inc., 98 F.3d at 579. When "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or it 'offends justice' to deny such relief, [r]elief under Rule 60(b)(6) is appropriate." Cashner v. Freedom Stores, Inc., 98 F.3d at 580 (quoting Pelican Prod. Corp. v. Marino, 893 F.3d 1143, 1147 (10th Cir. 1990). The Tenth Circuit noted that "[w]e have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." Cashner v. Freedom Stores, Inc., 98 F.3d at 579.

While rule 60(b)(6) provides courts with broad equitable power, that power is tempered by a stringent standard required to exercise that power. The standard is whether relief is warranted given the "extraordinary circumstances." Servants of the Paraclete v. Doe, 204 F.3d 1005, 1009 (10th Cir. 2000). The Supreme Court of the United States indicated that the term "extraordinary circumstances" contemplates that the party is "faultless" or not "partly to blame." Pioneer Inv.

<u>Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 393 (1993).  Case law interpreting rule 60(b)(6) is consistent that relief is not proper based upon misconduct or litigation choices made by the party seeking relief.  <u>See</u> <u>Blanchard v. Cortes-Molina</u>, 453 F.3d 40, 44 (1st Cir. 2006)("To justify relief under Rule 60(b)(6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay.  If a party is partly to blame, Rule 60(b)(6) relief is not available."); <u>Mitchell v. Hobbs</u>, 951 F.2d 417, 420 (1st Cir. 1991)("Relief from judgment cannot be obtained under Rule 60(b)(6) unless the movant can demonstrate that 'extraordinary circumstances' prevented a timely appeal."); <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998)(holding that relief not proper when party did not act diligently to protect own rights).

## ANALYSIS

Thompson primarily contends that THI of Baltimore should have been aware that he was bringing claims against it in arbitration, and that its failure to say otherwise until months later, after the statute of limitations ran, was unjust and is grounds for reopening the case.  Thompson's new argument does not persuade the Court that it should change its earlier ruling that THI of Baltimore had no reason to object to arbitration until it did.  Furthermore, there are numerous other flaws with Thompson's request that make granting rule 60(b)(6) relief inappropriate here.

**I.      THOMPSON HAS NOT SHOWN THAT THI OF BALTIMORE MISLED HIM OR THAT THI OF BALTIMORE SHOULD HAVE BEEN AWARE THAT THOMPSON WAS ATTEMPTING TO BRING CLAIMS AGAINST IT IN ARBITRATION.**

The principal thrust of Thompson's argument for reconsideration is factual.  He maintains that the Court incorrectly found that he did not give sufficient notice that he was attempting to pursue arbitration against THI of Baltimore.  The Court has already considered most of Thompson's arguments, and the Court sees no sound reason to changes its thoughts on those issues.  To the extent that Thompson's motion raises new issues, the Court continues to see an insufficient reason to

conclude that Thompson gave adequate notice.

Some context for this question may help.  Thompson's argument focuses on the Court's observation that Thompson might be able to show prejudice on the theory that THI of Baltimore misled Thompson whether it was participating in arbitration.  Had Thompson not been deceived, the theory goes, then he could have timely brought a lawsuit directly against THI of Baltimore because he would have known that THI of Baltimore was not going to be in the arbitration.  See MOO at 37. The Court found, however, that Thompson could not support this theory, because there was insufficient indication of any such misdirection.  See id.

Thompson emphasizes that the Request for Dispute Resolver List states that the disputes involves "the negligence and reckless conduct of a nursing home and its parent corporation."  List at 2.  As the partially completed List attached to the new motion and Ms. Bank's statements at the hearing make clear, Thompson's attorney only filled in "Thompson" as requesting a list -- the other parties were added by opposing counsel.  See List at 1; Tr. at 20:15-21:3 (Banks).  This fact helps Thompson to some degree -- Thompson cannot be faulted for not including THI of Baltimore as a requesting party, because Thompson did not fill out that portion of the List beyond putting his own name down.  This fact also, however, undercuts Thompson's new argument.  As the Court noted in its earlier opinion, "given the proliferation of THIs potentially involved in the case, it would be incumbent upon Thompson to be precise about which entities he was naming as a defendant."  MOO at 38.  Referring generically to a "parent corporation" is not the sort of specificity that this situation demands.  More importantly, in response to this description of the dispute as involving the nursing home and its parent, two entities were added to the List as requesting parties -- Casa Arena and THI of New Mexico.  See Exhibit B to Defendant's Response to Plaintiff's Motion for Rule 60(b) Relief, Request for Dispute Resolver List at 1 (Doc. 19)("Finished List").  Given this fact, the Court, as it

did before, does not see any sound reason to believe that THI of Baltimore misled Thompson.

Thompson also asserts, for the first time, that the letter sent to the AHLA, which the Court has described as the "document which most clearly supports Thompson's stance," was possibly sent to opposing counsel.  MOO at 37.  Previously, the Court has stated that this letter was sent only to the AHLA, because until now there was never any contention to the contrary.  See id.  Thompson has not, however, provided any admissible evidence that the letter was sent to others beside the AHLA.  Thompson offers only the argument of counsel and even that argument is equivocal: Thompson says that the letter, which was addressed to the AHLA, "was presumptively provided by AHLA" to opposing counsel.  Motion at 3.  Casa Arena's attorney contends that this letter was never provided.  See Response at 3.  Representations of counsel are entitled to a certain degree of trustworthiness.  They are not, however, evidence.  Here, Thompson's attorney states that she only presumes that the AHLA passed her letter along, while Casa Arena's attorney specifically denies receiving such a letter.  Given the equivalence of Thompson's attorney and the more direct disagreement from Casa Arena's attorney, the Court must presume, in the absence of admissible evidence to the contrary, that the letter was not sent to opposing counsel or to someone else who could be reasonably considered as acting for THI of Baltimore.

Finally, Thompson repeats his argument that some early correspondence referred to "Casa Arena, et al." as the defendants in arbitration.  As the Court has already noted, however, the Dispute Resolver List has two defendants -- Casa Arena and THI of New Mexico -- so this fact would not indicate that THI of Baltimore was being sued or put any defendant in arbitration on notice to inquire whether THI of Baltimore was a party.  See MOO at 38-39.  Thus, the Court finds itself at the same place as it did earlier -- with the conclusion that, because "THI of Baltimore was never added to the federal case and was also not clearly named as a defendant in arbitration until after the

-8-

discovery dispute, THI of Baltimore's position was reasonable." Id. at 39.  What the Court said earlier therefore remains valid today:

> When the issue first came to a head, during the discovery dispute, THI of Baltimore immediately took the position that it was not a party to the arbitration.  The Court does not see in the record before it any evidence that THI of Baltimore should have made such a statement earlier than it did.

Id.

## II.  OTHER FACTORS ALSO INDICATE THAT RULE 60(B)(6) RELIEF IS INAPPROPRIATE.

Thompson's argument revolves around the factual issues that the Court has just discussed. Thompson's argument, however, fails to address the other factors that supported the Court's denying relief.  These other factors continue to counsel against granting relief, even if the Court were to assume that THI of Baltimore bears some blame for the events in arbitration.

Two main conclusions supported the Court's decision to deny rule 60(b)(6) relief.  One of the conclusions was that THI of Baltimore did not mislead Thompson about THI of Baltimore's stance on the arbitration.  The other conclusion, however, was that the Court's order compelling arbitration did not apply to THI of Baltimore.  See MOO at 36.  The inapplicability of the Court's order to THI of Baltimore both undermined any potential prejudice that Thompson suffered as a result of the judgment and further supported THI of Baltimore's actions during the arbitration being reasonable.  See id. at 36-37, 39.  Thompson's new motion does not challenge the Court's ruling on these issues.

Moreover, the Tenth Circuit has "found extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."  Cashner v. Freedom Stores, Inc., 98 F.3d at 579 (emphasis added).  A significant problem with Thompson's request is that the events occurring after the Court dismissed the case are

not the kind of events that qualify under this standard. When analyzed, Thompson's problem is not, reasonably understood, that enforcing the judgment here is inequitable. The judgment requires Thompson and Casa Arena to arbitrate Thompson's claims against Casa Arena. Nothing about that requirement is causing the alleged inequity here. Instead, Thompson contends that he has little or no hope of bringing claims against THI of Baltimore and wishes that he had some way to do so. That problem, however, is unrelated to the judgment ordering Thompson and Casa Arena into arbitration. To the extent that the judgment is inequitable, it is so because THI of Baltimore is not part of the Court's ordering arbitration, but that particular inequity involves seeking relief from a misunderstanding of a court order, which Tenth Circuit law squarely bars. See id. at 577-78; MOO at 31-32.

Those cases in which courts have granted rule 60(b)(6) relief -- including those cases that Thompson has provided to the Court -- have involved modifying a judgment because the operation of the judgment have proven inequitable.[2] For example, in Zimmerman v. Quinn, 744 F.2d 81 (10th Cir. 1984), the Tenth Circuit affirmed a district court modifying a judgment to eliminate a provision that required one of the parties to pay the others' tax liabilities, because unexpected delays had raised the potential tax liability beyond what was contemplated. See id. at 83. Similarly, in In re Gledhill, 76 F.3d 1070 (10th Cir. 1996) , the Tenth Circuit affirmed a bankruptcy court vacating, under rule 60(b)(6), an order lifting the bankruptcy stay, thus reimposing the stay and preventing

---

[2] Casa Arena urges the Court to not consider all the cases that Thompson has cited in his supplemental filing on the grounds that Thompson has exceeded the scope of the Court's permission for supplemental filing. Thompson provided the Court with more cases than he indicated he would, but did not make any new arguments, and so the Court does not view the filing as an impermissible surreply. Regardless, even though the Court is considering the additional cases, there is no prejudice to Casa Arena given that the Court has allowed it to respond to the submission and that the Court is ultimately ruling in Casa Arena's favor.

a foreclosure sale of property whose value had sharply increased to well beyond the amount of the claims.  See In re Gledhill, 76 F.3d at 1081.  And in F.D.I.C. v. United Pacific Ins. Co., 152 F.3d 1266 (10th Cir. 1998), the Tenth Circuit found that a court should have granted relief from the judgment to prevent a impermissible double recovery that would otherwise occur.  See id. at 1275. These situations are distinguishable from here.  Thompson is not seeking relief from being forced into arbitration with Casa Arena.  If the Court relieved Thompson of his obligation to arbitrate against Casa Arena, then Thompson would still have the same problem he has now.

By not asking for a stay instead of dismissal, or by not renewing his attempts to add THI of Baltimore to the earlier case before the time period for a rule 59(e) motion ended, Thompson "made a free, counseled, deliberate choice whose consequences in hindsight are unfortunate," but such situations are not what rule 60(b)(6) was to address.  Cashner v. Freedom Stores, Inc., 98 F.3d at 580.  As the Court has explained, Thompson could not reasonably expect that THI of Baltimore would be part of the arbitration.  The Court's order required only Casa Arena to arbitrate with Thompson.  Thus, at the time that this case was ongoing, and at the time judgment was entered, Thompson could not reasonably have anticipated that THI of Baltimore would be a part of the arbitration.  If the Court assumed that THI of Baltimore was, in effect, acquiescing to arbitration, then Thompson might have been on the verge of receiving a windfall if THI of Baltimore, without any compulsion to do so, submitted to arbitration.  THI of Baltimore ultimately not participating in the arbitration, however, would only prejudice Thompson to the extent that a post-judgment occurrence, the alleged acquiescence, could have given Thompson a benefit.  Accepting Thompson's version of events, what he is seeking relief from is that THI of Baltimore effectively consented to arbitration and then changed its mind.  That issue is some distance from the judgment here.  Even if THI of Baltimore acquiesced or affirmatively consented to arbitration after this case closed and

-11-

then withdrew its consent further down the line, that would not entitle Thompson to relief from the judgment. Thompson is not, in truth, seeking relief from a federal court judgment; he is seeking relief in a general sense for an unfortunate turn of events.

Thompson's claims against THI of Baltimore are divorced from the judgment here. Though Thompson moved for leave to bring claims against THI of Baltimore in this case, the Court did not grant that motion before closing the case, and THI of Baltimore was never served or made a party to this case. Indeed, if the Court were to accept Thompson's interpretation of rule 60(b)(6), then almost any closed case involving Thompson or potentially involving THI of Baltimore might be a candidate for reopening. That understanding sweeps too broadly and helps to demonstrate the importance of rule 60(b) being limited, as the rule states, to "final judgments [or] orders," and not to a general, free-ranging power to grant any and all forms of relief a litigant might desire. Fed. R. Civ. P. 60(b).[3]

What Thompson is seeking seems to be better addressed by an argument such as equitable tolling of the statute of limitations or . If Thompson was deceived or otherwise reasonably relied on what was happening in the arbitration and thus the statute of limitations ran on his claims, then tolling seems to be the appropriate remedy, rather than attempting to reopen a case that is essentially unrelated to the underlying problem. Or he can possibly sue Casa Arena and seek to hold THI of Baltimore liable for any judgment on an alter-ego theory. Rule 60(b)(6) relief should be reserved for special situations. See Cashner v. Freedom Stores, Inc., 98 F.3d at 580. While the Court cannot

---

[3] The Court need not decide in this motion whether the Court could never grant relief under rule 60(b)(6) to help a party avoid consequences unrelated to the subject of the federal court judgment. Here, it is sufficient that the Court finds that the events before judgment, and that events in arbitration are sufficiently removed that the Court should not exercise its extraordinary power to assist Thompson with his problems in arbitration.

say whether Thompson could ultimately succeed on an equitable-tolling argument or an alter-ego theory, such avenues directly address the prejudice that Thompson is raising.  It appears to the Court that it would make more sense, legally and practically, for Thompson to file a direct action against THI of Baltimore and plead tolling, or seek to recover under an alter-ego theory.

Additionally, the Court noted in its earlier opinion that alternative avenues of relief may be available to Thompson, including seeking to collect a judgment from THI of Baltimore on an alter-ego theory or adding THI of Baltimore to the state case.  Other than predicting that the state court will not allow him to file a claim against THI of Baltimore, Thompson does not address the alternative avenues of relief.  Nor does Thompson address the Court's concerns that, even if the Court reopened the case, Thompson's claims would be futile because the Court did not see a sound basis for ordering THI of Baltimore into arbitration, or for allowing any new Complaint against THI of Baltimore to relate back to the earlier Complaint and so avoid the statute of limitations.  See MOO at 42-47, 49-50.  All these additional factors further weigh against the relief that Thompson seeks.

There are thus several reasons why relief is inappropriate here.  Relief under rule 60(b)(6) relief is to be granted "only in extraordinary circumstances and only when necessary to accomplish justice."  Cashner v. Freedom Stores, Inc., 98 F.3d at 579.  After considering Thompson's latest arguments, the Court remains convinced that, while the situation may be unfortunate, such extraordinary circumstances are not present here.

**IT IS ORDERED** that the Plaintiff's Request for Reconsideration of Plaintiff T. David Thompson's Rule 60(b)(6) Motion is denied.

-13-

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

T.A. Sandenaw, Jr.
CaraLyn Banks
Sandenaw & Anderson, P.C.
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

RaMona G. Bootes
Christopher J. DeLara
Guebert Bruckner & Bootes, P.C.
Albuquerque, New Mexico

-- and –

Timothy L. Fields
Christin M. Heyns
Michael B. Neill
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*

-14-